YURI MIKULKA (State Bar No. 185926)
MADELAINE WIELAND (State Bar No. 359554)
Email:  yuri.mikulka@alston.com1
        madelaine.wieland@alston.com
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone:   213-576-1000
Facsimile:   213-576-1100

TRACY YAO (State Bar No. 323816)
EMMA BRADEN (State Bar No. 359591)
Email:  tracy.yao@alston.com
        emma.braden@alston.com
**ALSTON & BIRD LLP**
55 2nd Street, Suite 2100
San Francisco, CA 94105
Telephone:   415-243-1000
Facsimile:   415-243-1001

Attorneys for Plaintiff Jane Doe

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| ANTHONY ZHANG, | **(1) INTRUSION UPON SECLUSION;** |
| Defendant. | **(2) INVASION OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION;** |
| | **(3) DISCLOSURE OF INTIMATE IMAGES, 15 U.S.C. § 6851;** |
| | **(4) VIOLATION OF CALIFORNIA CIVIL CODE § 1708.85;** |
| | **(5) PUBLIC DISCLOSURE OF PRIVATE FACTS; AND** |
| | **(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | **JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. The United States District Court has federal question subject matter jurisdiction over this action based on 28 U.S.C. § 1331, because the complaint alleges a civil action under 15 U.S.C. § 6851(b)(1)(A).

2. Venue is proper because this is the judicial district where the defendant resides, and because it is where a substantial part of the events or omissions giving rise to the claim occurred. 15 U.S.C. § 1391(b)(1), (2).

## PARTIES

3. Plaintiff Jane Doe is a victim of revenge pornography whose private, intimate images and videos—some of which were made without her knowledge—and personal identifying information have been published to various websites on the internet without her consent. Plaintiff is a student at a university in California (the "University") in this District and resided in the County of Alameda at all times relevant to the actions complained of herein.

4. As a victim of revenge pornography, Plaintiff brings this lawsuit under a pseudonym, pursuant to 15 U.S.C. § 6851(b)(3)(B), to maintain her confidentiality and to prevent further damage as a result of the actions alleged herein.

5. Defendant Anthony Zhang is an individual, who, upon information and belief, resides in the County of San Francisco, State of California.

## GENERAL ALLEGATIONS

6. Plaintiff and Defendant met as students at the University.

7. Plaintiff and Defendant were engaged in a romantic and intimate relationship from August 2021 to September 2024 while at the University.

8. During the first year of their relationship, when Plaintiff was eighteen years old and a freshman, Defendant pressured Plaintiff into being featured in videos of their sexual acts. Plaintiff made these recordings on a mobile phone. Plaintiff never intended for anyone other than Defendant to see these recordings and never consented to him sharing those recordings.

9. In addition, Defendant took several photographs and videos of Plaintiff while she was undressed without her knowledge, awareness, or consent (the "Secret Recordings").

The Secret Recordings were made in various locations, including Defendant's University dorm room. The Secret Recordings photographs were taken unbeknownst to Plaintiff while she was sleeping, with her upper body naked. All of the Secret Recordings videos show Plaintiff's intimate body parts and/or Plaintiff and Defendant engaging in sexual acts. In one video, Defendant recorded a sexual act with Plaintiff without her awareness or consent, and when she realized he was filming, she attempted to cover her face and repeatedly told him to stop. Plaintiff never consented to Defendant taking these recordings, or sharing, disclosing or using those recordings.

10. During their relationship, Defendant engaged in a persistent pattern of abuse toward Plaintiff that foreshadowed the violations at issue in this case. For example, whenever Plaintiff attempted to end the relationship, Defendant responded with threats of violence or aggressive behavior. On one occasion, he pushed Plaintiff to the ground and broke a window. On another occasion, when she tried to break up with him in the car, he drove her in a reckless and erratic manner, causing her significant fear. Although Plaintiff ultimately found the courage to end the relationship, Defendant's abusive conduct continued thereafter.

11. On or about February 23, 2025, Plaintiff discovered that Defendant intentionally caused sexually explicit images and videos of Plaintiff, including the Secret Recordings, to be published on the internet without Plaintiff's consent (collectively, the "Unauthorized Content"). Plaintiff became aware of the Unauthorized Content when a man unknown to Plaintiff direct messaged her on Instagram and told her he had seen the content online. Plaintiff had no knowledge of the posting of the Unauthorized Content or the existence of the Secret Recordings until after the Unauthorized Content had been posted online.

12. The Unauthorized Content has been published on at least the following websites: anonib.pk ("AnonIB"), simpcity.su ("SimpCity"), Telegram.org ("Telegram"), and erome.com ("Erome"). AnonIB, SimpCity, Telegram, and Erome are publicly accessible on the internet, are in and affect interstate or foreign commerce, and are a means or facility of interstate or foreign commerce. AnonIB uses a domain assigned to Pakistan (".pk"), and

SimpCity uses a domain assigned to the former Soviet Union (".su"). The Unauthorized Content is downloadable by the viewer.

13. The Unauthorized Content is comprised of videos and images, including the Secret Recordings, that depict Plaintiff in various states of nudity and/or engaging in sexual acts. Plaintiff's face is identifiable in much of the Unauthorized Content.

14. Plaintiff's personal identifying information, including name and social media username, were disclosed with most of the Unauthorized Content. For example, the Unauthorized Content was posted in a thread on AnonIB that included Plaintiff's name.

15. Plaintiff is informed and believes that Defendant encouraged others to post and save her Unauthorized Content. When she became aware of the unauthorized disclosure, Plaintiff confronted Defendant and demanded that he take down the Unauthorized Content. Approximately one hour later, a comment was posted on the AnonIB thread referencing the Unauthorized Content, stating: "she found out about this thread so post and save asap before it gets nuked."

16. Since Defendant has caused the posting of the Unauthorized Content, Plaintiff has received harassing and threatening messages from unknown individuals regarding the Unauthorized Content.

17. In one instance, an individual contacted Plaintiff at her personal email address, informing her that a zipfile of the Unauthorized Content was being offered for sale on Telegram and asking Plaintiff if he could directly purchase the Unauthorized Content from her.

18. Plaintiff has requested that Defendant remove the Unauthorized Content and to disclose to whom he has disclosed the Unauthorized Content.

19. Plaintiff has also reported the event to her University.

20. Plaintiff has invested, and will need to continue to invest, significant time and expense locating and attempting to remove the Unauthorized Content from the internet. Plaintiff has purchased an online monitoring service and created a Ceartas DMCA account to locate the Unauthorized Content on the internet wherever it may be published.

21. Defendant's creation of the Secret Recordings, along with the disclosure and publication of the Unauthorized Content, has caused Plaintiff to suffer emotional distress and harm to her reputation. Defendant's surreptitious recording of Plaintiff without her knowledge or consent constituted a profound breach of trust, resulting in severe mental distress and a pervasive sense of violation and insecurity. Plaintiff experiences ongoing fear and anxiety on a daily basis as a result, including that her family, friends, neighbors, colleagues, or employer will discover the Unauthorized Content. Plaintiff also has well-founded fears that additional individuals will use her personal identifying information disclosed with the Unauthorized Content to engage in unsolicited and unwanted contact, harassment, or other intrusive behavior, as she has already experienced. Due to the severity of her mental distress, Plaintiff was compelled to take a leave of absence from the University. Plaintiff has incurred, and will continue to incur, expenses related to treating her emotional distress and other damages.

## FIRST CAUSE OF ACTION

### Intrusion upon Seclusion

22. Paragraphs 1 through 21 are incorporated into this cause of action.

23. Plaintiff had a reasonable expectation of privacy in conducting her personal and private activities as an invited guest inside Defendant's University dorm room and in other private bedrooms, such that she would not be recorded without her knowledge or consent while she was undressed or engaged in intimate sexual acts with Defendant.

24. Defendant knowingly and intentionally intruded into Plaintiff's privacy by making the Secret Recordings without her knowledge or consent while she was undressed and either asleep or engaged in private sexual acts with Defendant.

25. Defendant also knowingly and intentionally intruded into Plaintiff's privacy by disclosing and posting the Unauthorized Content to third parties and online.

26. Defendant's intrusions would be highly offensive to a reasonable person.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial harm as alleged herein, including general and special damages, with the exact amount to be proven at trial.

28.     Plaintiff also seeks preliminary and permanent injunctive relief, requiring Defendant to cease and desist from displaying and disclosing the Unauthorized Content, take all necessary measures to remove all reproductions of the Unauthorized Content, identify all individuals who have received the Unauthorized Content, and undergo any other activities necessary to remediate the violation.

29.     Defendant acted intentionally and with willful and conscious disregard of Plaintiff's rights by making the Secret Recordings without Plaintiff's knowledge or consent while Plaintiff was engaged in private sexual acts in what she reasonably expected to be a private place and by disclosing the Unauthorized Content without her consent. This conduct constitutes malice, fraud, and oppression, for which punitive damages should be awarded.

## SECOND CAUSE OF ACTION

### Invasion of Privacy under the California Constitution

30.     Paragraphs 1 through 21 are incorporated into this cause of action.

31.     Plaintiff has a legally protected privacy interest in autonomy privacy (i.e., conducting intimate personal activities without observation, intrusion, or interference).

32.     Plaintiff had a reasonable expectation of privacy in conducting her personal and private activities as an invited guest inside Defendant's University dorm room and in other private bedrooms, such that she would not be recorded without her knowledge or consent while she was engaged in intimate sexual acts with Defendant.

33.     Defendant knowingly and intentionally intruded into Plaintiff's privacy by making the Secret Recordings without her knowledge or consent while she was undressed and either asleep or engaged in private sexual acts with Defendant.

34.     Defendant also knowingly and intentionally intruded into Plaintiff's privacy by disclosing and posting the Unauthorized Content to third parties and online.

35.     Defendant's intrusions are egregious breaches of social norms and would be highly offensive to a reasonable person.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial harm as alleged herein, including general and special damages, with the exact amount to be proven at trial.

37. Plaintiff also seeks preliminary and permanent injunctive relief, requiring Defendant to cease and desist from displaying and disclosing the Unauthorized Content, take all necessary measures to remove all reproductions of the Unauthorized Content, identify all individuals who have received the Unauthorized Content, and undergo any other activities necessary to remediate the violation.

38. Defendant acted intentionally and with willful and conscious disregard of Plaintiff's rights by making the Secret Recordings without Plaintiff's knowledge or consent while Plaintiff was engaged in private sexual acts in what she reasonably expected to be a private place and by disclosing the Unauthorized Content without her consent. This conduct constitutes malice, fraud, and oppression, for which punitive damages should be awarded.

## THIRD CAUSE OF ACTION

### Unlawful Disclosure of Intimate Images under 15 U.S.C. § 6851(b)

39. Paragraphs 1 through 21 are incorporated into this cause of action.

40. The Unauthorized Content depicts intimate images of Plaintiff in various stages of undress, exposing intimate parts of her body or engaging in sexual acts.

41. Defendant intentionally caused to be disclosed the Unauthorized Content, along with Plaintiff's personal identifying information, to third parties and on the internet.

42. Plaintiff did not consent to the disclosure of the Unauthorized Content.

43. The Unauthorized Content is being distributed, without Plaintiff's consent, via the World Wide Web, as it is published on the internet. The Unauthorized Content therefore has been distributed using means of interstate and international commerce.

44. AnonIB, SimpCity, Telegram, and Erome, the websites and platforms on which the Unauthorized Content was published, are in or affect interstate or foreign commerce or are a means or facility of interstate or foreign commerce. AnonIB and SimpCity use foreign web domains with users across the United States and beyond. As a result of the publication of the

Unauthorized Content on these websites, Plaintiff has been contacted by unknown individuals engaging in unwanted contact, harassment, or other intrusive behavior, including requesting to purchase the Unauthorized Content from her.

45. At the time of the disclosure, Defendant knew, or recklessly disregarded, that Plaintiff had a reasonable expectation that the Unauthorized Content was private and that she had not consented to its disclosure on the internet.

46. The Unauthorized Content is not a matter of public concern.

47. The Unauthorized Content was never intended to be publicized.

48. Plaintiff has never authorized the disclosure of the Unauthorized Content.

49. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial harm as alleged herein, including general and special damages, with the exact amount to be proven at trial.

50. Plaintiff also seeks preliminary and permanent injunctive relief, requiring Defendant to cease and desist from displaying and disclosing the Unauthorized Content, take all necessary measures to remove all reproductions of the Unauthorized Content, identify all individuals who have received the Unauthorized Content, and undergo any other activities necessary to remediate the violation.

## FOURTH CAUSE OF ACTION

**Unlawful Disclosure of Intimate Images Under California Civil Code § 1708.85**

51. Paragraphs 1 through 21 are incorporated into this cause of action.

52. The Unauthorized Content depicts Plaintiff in various stages of undress, exposing intimate parts of her body.

53. Plaintiff had a reasonable expectation of privacy in conducting her personal and private activities inside Defendant's University dorm room and in other private bedrooms, such that her private sexual acts with Defendant would not be publicly disclosed.

54. Defendant intentionally disclosed and distributed the Unauthorized Content, along with Plaintiff's personal identifying information to third parties, including on the internet.

55. Plaintiff did not consent to the disclosure or distribution of the Unauthorized Content.

56. At the time of the disclosure, Defendant knew, or reasonably should have known, that Plaintiff had a reasonable expectation that the Unauthorized Content was private and that she had not consented to its disclosure on the internet.

57. The Unauthorized Content is not a matter of public concern.

58. The Unauthorized Content was never intended to be publicized.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial harm as alleged herein, including general and special damages, with the exact amount to be proven at trial.

60. Plaintiff also seeks preliminary and permanent injunctive relief, requiring Defendant to cease and desist from displaying and disclosing the Unauthorized Content, take all necessary measures to remove all reproductions of the Unauthorized Content, identify all individuals who have received the Unauthorized Content, and undergo any other activities necessary to remediate the violation.

61. Defendant acted intentionally and with willful and conscious disregard of Plaintiff's rights by distributing and disclosing the Unauthorized Content without Plaintiff's consent. This conduct constitutes malice, fraud, and oppression, for which punitive damages should be awarded.

## FIFTH CAUSE OF ACTION
## Public Disclosure of Private Facts

62. Paragraphs 1 through 21 are incorporated into this cause of action.

63. Defendant publicly disclosed the Unauthorized Content, including the Secret Recordings, and Plaintiff's personal identifying information on the internet.

64. The Unauthorized Content, which contains intimate videos and images, was always intended by Plaintiff to be private. Plaintiff did not consent to the creation of the Secret Recordings.

65. The Unauthorized Content is not a matter of public concern.

66. A reasonable person in Plaintiff's position would consider disclosure of the Unauthorized Content and personal information to be highly offensive and objectionable.

67. Defendant's publishing of the Unauthorized Content constituted an invasion of Plaintiff's privacy, because it constituted a public disclosure of private facts that would be objectionable to a reasonable person.

68. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial harm as alleged herein, including general and special damages, with the exact amount to be proven at trial.

69. Plaintiff also seeks preliminary and permanent injunctive relief, requiring Defendant to cease and desist from displaying and disclosing the Unauthorized Content, take all necessary measures to remove all reproductions of the Unauthorized Content, identify all individuals who have received the Unauthorized Content, and undergo any other activities necessary to remediate the violation.

70. Defendant acted intentionally and with willful and conscious disregard of Plaintiff's rights by distributing the Unauthorized Content without Plaintiff's consent. This conduct constitutes malice, fraud, and oppression, for which punitive damages should be awarded.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

71. Paragraphs 1 through 21 are incorporated into this cause of action.

72. Defendant's creation of the Secret Recordings and disclosure of the Unauthorized Content constituted extreme and outrageous conduct, which exceeded all bounds of decency that are usually tolerated in a civilized society.

73. Defendant disclosed the Unauthorized Content with the intent, or reckless disregard of the possibility, to cause Plaintiff to suffer severe emotional distress following their breakup.

74. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial harm as alleged herein, including general and special damages, with the exact amount to be proven at trial.

75. Plaintiff also seeks preliminary and permanent injunctive relief, requiring Defendant to cease and desist from displaying and disclosing the Unauthorized Content, take all necessary measures to remove all reproductions of the Unauthorized Content, identify all individuals who have received the Unauthorized Content, and undergo any other activities necessary to remediate the violation.

76. Defendant acted intentionally and with willful and conscious disregard of Plaintiff's rights by engaging in the conduct described herein, including but not limited to by making the Secret Recordings without Plaintiff's knowledge or consent while Plaintiff was engaged in private sexual acts in what she reasonably expected to be a private place and by distributing the Unauthorized Content without Plaintiff's consent. This constitutes malice, fraud, and oppression, for which punitive damages should be awarded.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant as follows:

a. A preliminary and permanent injunction requiring Defendant to cease and desist from displaying and disclosing the Unauthorized Content, take all necessary measures to remove all reproductions of the Unauthorized Content, identify all individuals who have received the Unauthorized Content, and undergo any other activities necessary to remediate the harm caused by Defendant's unlawful conduct as alleged herein;

b. General and/or special damages, and punitive damages where available, in an amount exceeding $150,000.00 with the exact amount to be proven at trial, pursuant to 15 U.S.C. § 6851(b)(3)(A)(i);

c. Reasonable attorneys' fees and other costs; and

d. Any and all other relief which the Court deems appropriate.

Dated: June 18, 2025

Yuri Mikulka
Tracy Yao
Madelaine Wieland
Emma Braden
**ALSTON & BIRD LLP**


By:  s/Yuri Mikulka
              Yuri Mikulka

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Dated: June 18, 2025

Yuri Mikulka
Tracy Yao
Madelaine Wieland
Emma Braden
**ALSTON & BIRD LLP**

By: s/ Yuri Mikulka
    Yuri Mikulka